

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

September 23, 2019

Elise M. Bloom
Member of the Firm
d 212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

**By ECF**

The Honorable Sanket J. Bulsara, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *James Greene, et al. v. Kabbalah Centre International, Incorporated, et al.*,
      E.D.N.Y. Docket No. 19-cv-4304 (ILG)(SJB)

Dear Judge Bulsara:

We represent Defendants Kabbalah Centre International, Incorporated; Kabbalah Centres of the United States, Incorporated; Kabbalah Centre of New York, Incorporated; The Kabbalah Centre of Florida, Inc.; Kabbalah Children's Academy; Kabbalah Enterprises, Incorporated; KAF Investments, LLC; 501 N. La Cienega, LLC; and Spirituality For Kids International, Inc. (collectively, "the Organizational Defendants," "the Kabbalah Centre," or "the Centre") in the above-referenced matter.  The Organizational Defendants, along with Defendants Karen Berg, Michael Berg and Yehuda Berg[1] (collectively, "the Individual Defendants," and together with the Organizational Defendants, "Defendants"), write to respectfully request that the Court stay all discovery and adjourn the October 7, 2019 initial conference *sine die* pending resolution of two dispositive motions filed by Defendants.  This is the first request for a stay of discovery.  As reflected in the enclosed Stipulation, Plaintiffs consent to a stay of discovery until the earlier of the full disposition of Defendants' motions or March 13, 2020.

As described more fully in Defendants' motions, almost all of the Plaintiffs agreed to arbitrate any claims against the Centre and those Plaintiffs should be compelled to arbitration.  Plaintiffs' claims also fail on the merits for several independent reasons, including that religious organizations like the Kabbalah Centre are not subject to the Fair Labor Standards Act ("FLSA") and its state counterparts, and all but one of the Plaintiffs entered into broad and enforceable release agreements releasing all of the claims asserted in this action.

By way of background, on July 25, 2019, Plaintiffs filed this action against Defendants in federal court.  *See* Complaint ("Compl.") (Docket Entry "DE" 1).  The Complaint, which is styled as a putative class and collective action, alleges seventeen causes of action against Defendants, including violations of the FLSA for failure to pay minimum wage and overtime, violations of the wage-and-hour laws of various states, and common law claims for unjust enrichment and

---

[1] Defendants Karen Berg and Michael Berg are represented by Jonathan P. Bach of Shapiro Arato Bach LLP. Defendant Yehuda Berg is represented by John D. Cline of the Law Office of John D. Cline.

**Proskauer»**

The Honorable Sanket J. Bulsara, U.S.M.J.
September 23, 2019
Page 2

fraudulent inducement. Earlier today, Defendants filed two motions: (i) a Motion to Compel Arbitration as to Plaintiffs Jennifer Shaal, Ofer Shaal, Jake Stone, Guy Shoshan, and Yifat Shmilovich (collectively, the "Arbitration Plaintiffs") (DE 38); and (ii) a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) as to Plaintiffs James Greene and Einat Ezra Michaeli (DE 39). These motions address all of the parties and all of the claims in this action, and, if granted, will dispose of this action in its entirety. Accordingly, Defendants move for a stay of discovery during the pendency of these motions and for an adjournment of the initial conference.

A district court may stay discovery "for good cause shown," Fed. R. Civ. P. 26(c), and has discretion to impose a stay of discovery pending the determination of a dispositive motion. *See Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987). As courts in this district have noted:

> Staying discovery pending judicial evaluation of the sufficiency of the complaint is consistent with the entire purpose of the stay provision[, which] is to avoid saddling defendants with the burden of discovery in meritless cases, and to discourage the filing of cases that lack adequate support for their allegations in the mere hope that the traditionally broad discovery proceedings will produce facts that could be used to state a valid claim.

*Gardner v. Major Auto. Cos.*, No. 11-cv-1664 (FB), 2012 WL 1230135, at *3 (E.D.N.Y. Apr. 12, 2012) (internal citation and quotations omitted). In determining whether a stay of discovery is warranted, courts generally consider the following factors: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Kanowitz v. Broadridge Fin. Sols., Inc.*, No. 13-cv-649 (DRH)(AKT), 2014 WL 1338370, at *6 (E.D.N.Y. Mar. 31, 2014) (internal citation omitted). All three factors militate in favor of a stay of discovery here.

**Plaintiffs' Claims are Unmeritorious**

As to the first factor, the Arbitration Plaintiffs' claims cannot be heard in this Court in the first instance because, as described more fully in Defendants' Motion to Compel Arbitration (*see* DE 38), those Plaintiffs entered into valid and enforceable arbitration agreements in which they agreed to individually arbitrate all of the claims at issue in this action. To the extent the Arbitration Plaintiffs intend to challenge the scope or enforceability of the arbitration agreements, that issue is reserved for the arbitrator; by incorporating the rules of the arbital forums, the Arbitration Plaintiffs agreed to delegate all issues, including those gateway issues of arbitrability, to an arbitrator. Accordingly, Defendants have made a strong showing that the Arbitration Plaintiffs' attempts to bring suit in federal court are plainly "unmeritorious." *See Josie-Delerme v. Am. Gen. Fin. Corp.*, No. 08-cv-3166 (NG)(MDG), 2009 WL 497609, at *1 (E.D.N.Y. Feb. 26, 2009) (staying discovery pending decision on motion to compel arbitration where the parties entered into a "valid and enforceable arbitration agreement … encompassing the claims at issue in th[e] action").

# Proskauer»

The Honorable Sanket J. Bulsara, U.S.M.J.
September 23, 2019
Page 3

Similarly, and as described more fully in Defendants' Motion to Dismiss (*see* DE 39), the claims asserted by the two Plaintiffs who did not enter into arbitration agreements (Greene and Ezra Michaeli) fail as a matter of law on a number of independent grounds, including that: (i) they are barred under the constitutional doctrine known as the "ministerial exception" because the Kabbalah Centre is a non-profit religious organization and assessment of Plaintiffs' claims would impermissibly require the Court to entangle itself in the religious doctrine of Kabbalah; (ii) Plaintiffs fail to state a claim pursuant to the FLSA or state wage-and-hour laws because the Kabbalah Centre is not a covered enterprise, and Plaintiffs are not covered individuals, under the relevant statutes; (iii) Plaintiffs fail to allege sufficient facts to support their common law claims; (iv) Plaintiffs' claims are largely time-barred by the applicable statutes of limitations; and (v) Greene's claims are barred by a broad and enforceable release agreement that he entered into with the Centre releasing all of the claims asserted in this action. It bears emphasis that many, if not all, of the grounds for dismissal set forth in the Motion to Dismiss apply in full to the Arbitration Plaintiffs. For example, all of the Arbitration Plaintiffs also expressly released their claims in the same agreements containing the arbitration provisions. Defendants therefore anticipate moving to dismiss the Arbitration Plaintiffs' in full once those cases have been transferred to the proper arbitral forums.

Accordingly, Defendants have made an ample showing that Plaintiffs' claims are substantively unmeritorious. *See Melendez v. One Brands, LLC*, 18-cv-6650 (CBA)(SJB) (Bulsara, M.J.), Minute Order dated March 27, 2019 (granting motion to stay discovery where "the anticipated motion has merit"); *Sanders v. The City of New York, et al.*, 16-cv-6526 (CBA)(SJB) (Bulsara, M.J.), Minute Order dated October 15, 2018 (granting motion to stay discovery where "the motions have demonstrable merit"); *Goodman v. Mercantile Adjustment Bureau, LLC*, 18-cv-4488 (ARR)(SJB) (Bulsara, M.J.), Minute Order dated November 2, 2018 (granting motion to stay discovery where "the Defendant's pre-motion arguments have demonstrable merit"); *Lawson v. Rubin*, No. 17-cv-6404 (BMC), 2018 WL 4211446, at *1 (E.D.N.Y. Mar. 7, 2018) ("'strong showing that plaintiff's claim is unmeritorious' standard can also be described as a showing of 'substantial arguments for dismissal.'") (internal citation omitted); *Giminez v. Law Offices of Hoffman & Hoffman*, No. 12-cv-0669 (JFB)(ETB), 2012 WL 2861014, at *2 (E.D.N.Y. July 11, 2012) (staying discovery where defendants "present[ed] substantial reasons for why plaintiffs' complaints should be dismissed and may very well be successful in their motions"); *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (granting stay of discovery where defendants "raise[d] substantial issues with regard to many, if not all, of the causes of action").[2]

---

[2] Even if the Court only grants Defendants' motions in part as to certain claims or as to certain parties, a stay of discovery is still warranted as "such a ruling will narrow and clarify the scope of the issues in this litigation." *Thomas v. New York City Dep't of Educ.*, No. 09-cv-5167 (SLT), 2010 WL 3709923, at *3 (E.D.N.Y. Sept. 14, 2010) (granting motion to stay discovery).

**Proskauer»**

The Honorable Sanket J. Bulsara, U.S.M.J.
September 23, 2019
Page 4

**Discovery Would be Broad and Would Burden Defendants**

As to the second factor, the discovery in this case is likely to be significantly burdensome given that there are seven individual plaintiffs who have asserted seventeen claims—on behalf of a putative Rule 23 class and putative FLSA collective—against twelve distinct defendants. Moreover, although Defendants strongly disagree (*see* DE 39, Section IV(C)), Plaintiffs claim that the applicable statutes of limitations should be equitably tolled (*see* Compl. ¶¶ 73-86) and therefore relevant discovery may date as far back as 1998 (*see e.g.*, Compl. ¶ 20). Therefore, a stay of discovery will prevent the parties from engaging in onerous and economically burdensome discovery that may ultimately be unnecessary depending on the outcome of Defendants' pending motions. *See Josie-Delerme*, 2009 WL 497609, at *2 (granting stay because "resolution of the motion to dismiss may obviate the need for potentially onerous discovery"); *Spinelli v. Nat'l Football League*, No. 13-cv-7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("A stay may also have the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable."); *Chesney*, 236 F.R.D. 113 at 115 ("Even in the event that only some of the causes are dismissed—and some but not all of the defendants are dismissed from this action—by staying discovery now it will serve to substantially reduce the economic burden of full party discovery. By waiting until a decision is reached on the pending motion, the areas of discovery may well be substantially reduced, if not eliminated … .").

**There is No Risk of Unfair Prejudice to Plaintiffs**

Finally, as to the third factor, a stay of discovery would not risk undue prejudice to Plaintiffs because, as reflected in the enclosed Stipulation, Plaintiffs consent to this request. *See*, *e.g.*, *Thomas*, 2010 WL 3709923, at *4 (finding the third factor weighed in favor of the stay where "the motions remain[] unopposed, and thus no prejudice has been identified"). Moreover, the lack of prejudice is further demonstrated by the fact that this action was only filed a few weeks ago and the parties have not yet begun the discovery process. *See Giminez*, 2012 WL 2861014, at *2 (no risk of unfair prejudice where action was in its "infancy" and no discovery had yet taken place); *Negrete v. Citibank, N.A.*, No. 15-cv-7250 (RWS), 2015 WL 8207466, at *2 (S.D.N.Y. Dec. 7, 2015) ("Any prejudice stemming from delay is likely to be minimal in any event, since this case is in its infancy and the hearing date for the motion is less than two months away."); *see also Spinelli*, 2015 WL 7302266 at *2 (granting stay even though case was already two years old because "[a]t this stage of the litigation, with the viability of the new Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice"). Indeed, other than Shoshan, who left the Centre in 2018 (Compl. ¶ 20), all of the other Plaintiffs left a long time ago and waited many years to file this action.[3] Given Plaintiffs' lengthy delay in

---

[3] Greene left the Centre more than a decade ago in 2009 (Compl. ¶ 16) and all of the other Plaintiffs allegedly left by 2016 (Compl. ¶¶ 17, 18, 19, 21, 22).

# Proskauer»

The Honorable Sanket J. Bulsara, U.S.M.J.
September 23, 2019
Page 5

bringing this action, a brief stay of discovery at this early phase of the case will not prejudice Plaintiffs.

*   *   *

For the foregoing reasons, Defendants respectfully request that the Court stay discovery and adjourn the initial conference *sine die*.

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom

Enclosure

cc: All Counsel of Record (By ECF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES GREENE, JENNIFER SHAAL, OFER SHAAL, JAKE STONE, GUY SHOSHAN, EINAT EZRA MICHAELI, and YIFAT SHMILOVICH, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>                v.<br><br>KABBALAH CENTRE INTERNATIONAL, INCORPORATED; KABBALAH CENTRES OF THE UNITED STATES, INCORPORATED; KABBALAH CENTRE OF NEW YORK, INCORPORATED; THE KABBALAH CENTRE OF FLORIDA, INC.; KABBALAH CHILDREN'S ACADEMY; KABBALAH ENTERPRISES, INCORPORATED; KAF INVESTMENTS, LLC; 501 N. LA CIENEGA, LLC; SPIRITUALITY FOR KIDS INTERNATIONAL, INC.; and KAREN BERG, YEHUDA BERG, and MICHAEL BERG,<br><br>                    Defendants. | No. 19-cv-4304 (ILG)(SJB) |

**STIPULATION STAYING DISCOVERY PENDING RESOLUTION OF DEFENDANTS' ANTICIPATED MOTIONS TO DISMISS AND TO COMPEL ARBITRATION**

WHEREAS, on August 16, 2019 the Court so-ordered a stipulation extending the time within which Defendants Kabbalah Centre International, Incorporated; Kabbalah Centres of the United States, Incorporated; Kabbalah Centre of New York, Incorporated; The Kabbalah Centre of Florida, Inc.; Kabbalah Children's Academy; Kabbalah Enterprises, Incorporated; KAF Investments, LLC; 501 N. La Cienega, LLC; Spirituality For Kids International, Inc.; and Karen Berg, Yehuda Berg, and Michael Berg (collectively, "Defendants") may move, answer, or otherwise respond to the Complaint to and including September 23, 2019 (Docket Entry "DE" 27);

1

WHEREAS, Defendants intend to file two motions on September 23, 2019: (i) a Motion to Compel Arbitration as to Plaintiffs Jennifer Shaal, Ofer Shaal, Jake Stone, Guy Shoshan, and Yifat Shmilovich; and (ii) a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) as to Plaintiffs James Greene and Einat Ezra Michaeli (collectively, "the Motions");

WHEREAS, Plaintiffs James Greene, Jennifer Shaal, Ofer Shaal, Jake Stone, Guy Shoshan, Einat Ezra Michaeli, and Yifat Shmilovich (collectively, "Plaintiffs") will oppose the Motions or amend their Complaint; and

WHEREAS, Plaintiffs and Defendants mutually agree that judicial economy will best be served by staying discovery in this matter pending resolution of the Motions, or, in the event that Plaintiffs amend their Complaint, any subsequent motions;

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned attorneys for the parties, that:

1. Discovery in this matter is stayed.

2. The stay of discovery will continue until the earlier of the full disposition of the Motions or March 13, 2020.

3. Defendants reserve their right to seek an extension of the stay of discovery beyond March 13, 2020 in the event that the Motions have not yet been fully disposed of by that date.

4. Plaintiffs reserve their right to oppose any such request for a further extension of the stay.

5. Within 10 days after the stay of discovery expires, the parties shall jointly submit a completed Discovery Plan Worksheet.

There has been no previous request for a stay of discovery in this matter.  Facsimile or electronic signatures on this Stipulation are hereby deemed originals.

Dated: New York, New York
September 22, 2019

| PIERCE BAINBRIDGE BECK PRICE & HECHT LLP | PROSKAUER ROSE LLP |
|---|---|
| */s/ Matthew Philip Rand* <br> Deborah H. Renner <br> Shira Lauren Feldman <br> Claiborne R. Hane <br> Matthew Philip Rand <br><br> 277 Park Avenue, 45th Floor <br> New York, NY 10172 <br> Phone:  (212) 484-9866 <br> Fax:  (646) 968-4125 <br> drenner@piercebainbridge.com <br> sfeldman@piercebainbridge.com <br> chane@piercebainbridge.com <br> mrand@piercebainbridge.com <br><br> *Attorneys for Plaintiffs James Greene, Jennifer Shaal, Ofer Shaal, Jake Stone, Guy Shoshan, Einat Ezra Michaeli, and Yifat Shmilovich* | */s/ Elise M. Bloom* <br> Elise M. Bloom <br> Steven D. Hurd <br> Pinchos N. Goldberg <br> Samantha R. Manelin <br><br> Eleven Times Square <br> New York, New York 10036 <br> Phone:  (212) 969-3000 <br> Fax:  (212) 969-2900 <br> ebloom@proskauer.com <br> shurd@proskauer.com <br> pgoldberg@proskauer.com <br> smanelin@proskauer.com <br><br> *Attorneys for Defendants Kabbalah Centre International, Incorporated; Kabbalah Centres of the United States, Incorporated; Kabbalah Centre of New York, Incorporated; The Kabbalah  Centre of Florida, Inc.; Kabbalah Children's Academy; Kabbalah Enterprises, Incorporated; KAF Investments, LLC; 501 N. La Cienega, LLC; and Spirituality For Kids International, Inc.* |
| SHAPIRO ARATO BACH LLP | LAW OFFICE OF JOHN D. CLINE |
| */s/ Jonathan P. Bach* <br> Jonathan P. Bach <br><br> 500 Fifth Avenue, 40th Floor <br> New York, New York 10110 | */s/ John D. Cline* <br> John D. Cline <br><br> One Embarcadero Center, Suite 500 <br> San Francisco, California 94111 |

3

| | |
|---|---|
| Phone:  (212) 257-4880<br>Fax: (212) 202-6417<br>jbach@shapiroarato.com | Phone:  (415) 662-2260<br>Fax: (415) 662-2263<br>cline@johndclinelaw.com |
| *Attorneys for Defendants Karen Berg and Michael Berg* | *Attorneys for Defendant Yehuda Berg* |

Dated: Brooklyn, New York
_____ \_\_, 2019

**SO ORDERED:**

_____
HON. SANKET J. BULSARA, U.S.M.J.