

Kathryn Lee Boyd
Partner
P: (646) 502-9515
E: lboyd@hechtpartners.com

July 13, 2020

**VIA ECF**

The Honorable I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Greene, et al. v. Kabbalah Centre International, Incorporated, et al.*,
      19-cv-4304 (ILG) (SJB)

Dear Judge Glasser:

We represent Plaintiffs in the above-referenced matter and write in response to Defendants' Notice of Supplemental Authority, Dkt. 72, regarding *Our Lady of Guadalupe School v. Morrissey-Berru*, No. 19-267, 591 U.S. ___ (2020).

*Morrissey-Berru* further clarified the fact-intensive nature of the "ministerial exception" to laws governing the employment relationship between a "religious institution and certain key employees." 591 U.S. ___, ___ (slip op. at 2). The Supreme Court held that even "religious institutions [do not] enjoy a general immunity from secular laws." *Id.* (slip op. at 10). Courts "are bound to stay out of employment disputes" only when, after a fact-intensive inquiry, a court determines a dispute to "involv[e] [employees] holding certain important positions with churches and other religious institutions." *Id.* (slip op. at 10-11).

It was undisputed that the schools in *Morrissey-Berru* were religious. In contrast, Defendants here adamantly insisted that the Centre was not a religious institution. *See* Am. Compl. ¶ 45, Dkt. 44. Further, Plaintiffs' roles were not ministerial. Unlike the teacher plaintiffs in Morrissey-Berru, who "both performed vital religious duties," 591 U.S. __, __ (slip op. at 21), Plaintiffs here performed janitorial, clerical, and administrative functions. *See, e.g.*, Am. Compl. ¶¶ 48-50. The chevre were trained for work at the Centre by learning, for example, "(*i*) how to run a kitchen, (*ii*) how to order Centre supplies, (*iii*) how to decorate, including using flowers and candles to make rooms feel more inviting, (*iv*) how to use the Centre's calendaring system, (*v*) setting up cleaning schedules, (*vi*) building alarm codes, (*vii*) how to manage conflict among employees, and (*viii*) how to ensure that classes were recorded." *Id.* ¶ 48. The chevre also worked as personal servants for the Bergs, bringing them food and walking their dogs. *See, e.g.*, *id.* ¶¶ 72-74.

Taking such facts as true, the ministerial exception cannot plausibly apply here. The determination of whether an institution is a "church" and whether an individual is a "minister"

*Greene, et al. v. Kabbalah Centre International Incorporated, et al.*
July 13, 2020
Page 2

requires a fact-intensive inquiry in which a court must "take all relevant circumstances into account and [ ] determine whether each particular position implicate[s] the fundamental purpose of the [ministerial] exception." 591 U.S. ___, ___ (slip op. at 22).  Such an evidence-based inquiry is both impossible and inappropriate on a motion to dismiss.[1]


Respectfully,

*/s/ Kathryn Lee Boyd*
Kathryn Lee Boyd
Shira Lauren Feldman
HECHT PARTNERS LLP


*/s/ Melinda R. Coolidge*
Melinda R. Coolidge (*pro hac vice* motion forthcoming)
HAUSFELD LLP

cc:     Counsel for All Defendants (via ECF)

---

[1] The district court decisions in *Morrissey-Berru* were both made at summary judgment after development of "abundant record evidence."  *See* 591 U.S. ___, ___ (slip op. at 6, 9, 21).

125 Park Avenue, 25th Floor, New York, NY 10017